# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEANDER WEIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1554-D |
| | ) | |
| GREEN ACRES ENTERPRISES, INC.; | ) | (Remanded to Beckham County |
| DAVID MISENER; and | ) | District Court, Case No. |
| CAEP, LLC, | ) | CJ-2025-93) |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Second Motion to Remand [Doc. No. 23]. Defendants Green Acres Enterprises, Inc. (Green Acres) and David Misener filed a response [Doc. No. 24], which Defendant CAEP, LLC joined [Doc. No. 25]. Plaintiff filed a reply [Doc. No. 26]. The matter is fully briefed and at issue.

## FACTUAL BACKGROUND

This is the second attempted removal of the same action from Beckham County District Court, Case No. CJ-2025-93.[1] First, CAEP, LLC removed the action to the Western District of Oklahoma, which initiated Case No. CIV-25-1182-D. In its Notice of Removal [Case No. CIV-25-1182-D, Doc. No. 1], CAEP, LLC identified diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as its sole basis for removal.

---

[1] The Court takes judicial notice of the state court action. *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=beckham&number=CJ-2025-00093&cmid=11866135 (last accessed June 26, 2026); *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand.").

In Case No. CIV-25-1182-D, Plaintiff filed a Motion to Remand [Doc. No. 10], arguing that CAEP, LLC's removal violated the forum defendant rule, as set forth in 28 U.S.C. § 1441(b)(2). *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). At the time of CAEP, LLC's removal, both Green Acres and David Misener had been properly joined and served as defendants and are Oklahoma citizens.

In response to Plaintiff's first motion to remand, CAEP, LLC conceded that "based upon the forum defendant rule, diversity of citizenship is no longer viable grounds upon which the Court should retain jurisdiction over this matter." [Case No. CIV-25-1182-D, Doc. No. 16, at 2]. However, CAEP, LLC asserted—for the first time in its response—that federal question jurisdiction existed because "the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Id.* at 5.

On December 1, 2025, the Court granted Plaintiff's motion and remanded Case No. CIV-25-1182-D to Beckham County District Court. [Case No. CIV-25-1182-D, Doc. No. 24]. In that Order, the Court found that "CAEP, LLC's informal and belated attempt to assert federal question jurisdiction in response to Plaintiff's motion to remand [was] improper," and therefore declined to consider the merits of CAEP, LLC's arguments as to federal question jurisdiction. *Id.* at 3.

On December 23, 2025, Green Acres and David Misener (Removing Defendants) filed a Notice of Removal [Doc. No. 1], which initiated the present action. This time,

2

Removing Defendants rely on federal question jurisdiction as a basis for removal. *Id.* at 1. In their Notice of Removal, Removing Defendants assert that—when the Court issued its prior remand Order in Case No. CIV-25-1182-D—they "for the first time became able to ascertain, within the meaning of § 1446(b)(3), that the case was removable based on federal question jurisdiction alone, without any reliance on diversity or the forum-defendant rule." *Id.* at 3.

The general rule is that a defendant may remove an action "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). However, Section 1446(b)(3) authorizes removal "within thirty days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Thus, Removing Defendants contend that their Notice of Removal is timely "because it [was] filed within 30 days of receipt of the remand order." [Doc. No. 1, at 4].[2]

---

[2] Removing Defendants assert that the Court's prior remand Order constitutes an "order or other paper" because it, in part, "clarifies that the only impediment was CAEP's failure to include" federal question jurisdiction as a basis for removal and "returns the case to state court, where for the first time Green Acres and Misener may independently remove on the federal question ground identified in the record." [Doc. No. 1, at 3-4]. The Court notes that this statement considerably expands the Court's prior remand Order. In no manner did the Court find the *only* impediment to CAEP, LLC establishing federal question jurisdiction was the failure to include it in the removal notice, nor did the Court find that Removing Defendants could independently remove on federal question grounds once returned to state court.

In the present Motion to Remand [Doc. No. 23], Plaintiff asserts that Removing Defendants' removal is untimely; that removal is precluded by the "voluntary-involuntary" rule; and that federal question jurisdiction is lacking.

## DISCUSSION

Removing Defendants have the burden of establishing that removal is proper. *See Town of Freedom, Okla. v. Muskogee Bridge Co., Inc.*, 466 F. Supp. 75, 77 (W.D. Okla. 1978). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted).

### I.    Timeliness of Removal

Removing Defendants assert that their removal is timely as it occurred within 30 days of their receipt of the Court's prior remand Order. [Doc. No. 1, at 4]. There are three main issues with this argument. First, Section 1446(b)(3) authorizes removal "*if the case stated by the initial pleading is not removable*," and a defendant removes the action within 30 days after receipt of a pleading, motion, order, or other paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Yet, in arguing that federal question jurisdiction exists in this case, Removing Defendants rely entirely on the allegations of Plaintiff's original Petition [Doc. No. 1-2]. Removing Defendants assert that the "Petition alleges that Plaintiff participated in a federally regulated J-1 Trainee Program," that the "Petition expressly identifies and quotes from the DS-7002 Training/Internship Placement Plan, a controlled federal document issued under 22 C.F.R. § 62.22, and treats it as the operative 'contract' giving rise to the

4

alleged obligations and breaches," and that Plaintiff's Petition "seeks damages for personal injury and alleged violations of duties defined solely by the federal J-1 Program framework." [Doc. No. 1, at 2].

Removing Defendants cannot reasonably assert that the Court's prior remand Order first put them on notice that the case had become removable—their removal notice explicitly relies on the unchanged allegations of the original Petition to argue the presence of federal question jurisdiction. And, as argued by Plaintiff:

> [N]othing has occurred in this case since the Court's Order remanding this matter which would justify a second, subsequent removal. There has been no voluntary action by Plaintiff which would now render this action removable. There has been no new or amended pleading filed by the Plaintiff that might justify a second removal, no dismissal of any defendant, no discovery response that might assert a new federal question basis for jurisdiction, … and no subsequent order from any Court whatsoever in this matter. … If there was ever a basis for removing this matter to federal court, that same basis existed four months ago, rendering this removal untimely.

[Doc. No. 23, at 10].

Next, the Court's prior remand Order [Case No. CIV-25-1182-D, Doc. No. 24] did not contain any language "from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Rather, the Court merely found that CAEP, LLC's attempt to argue federal question jurisdiction for the first time in response to Plaintiff's motion to remand was improper and belated, and thus remanded the case to state court. The Court made no findings as to the merits of CAEP, LLC's federal question arguments raised in its response, nor did the Court provide that the remaining defendants could remove on the basis of federal question jurisdiction once the case was

remanded to state court. For these reasons, the Court declines to find that its prior remand Order constitutes an "order or other paper" first showing the removability of the case, as required by Section 1446(b)(3).

Further, Removing Defendants appear to argue that some form of tolling should apply to their removal since "they may not remove a case that is already in federal court," and "[o]nly upon remand did the Removing Defendants first become capable of removing the action." [Doc. No. 1, at 4]. However, as Plaintiff points out, Removing Defendants have provided no authority in support of tolling their removal deadline in such a manner. And, by relying on Section 1446(b)(3), Removing Defendants appear to concede that their removal is untimely under Section 1446(b)(1), which requires that a notice of removal be filed "within 30 days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" *See* 28 U.S.C. § 1446(b)(1).

To support their argument that they had thirty days following this Court's prior remand Order to remove based on federal question jurisdiction, Removing Defendants cite to *Miller v. California Dep't of Corr. and Rehab.*, No. 1:12-cv-00353-LJO-GSA-PC, 2012 WL 5336969 (E.D. Cal. Oct. 26, 2012), *report and recommendation adopted*, 2012 WL 6088304 (E.D. Cal. Dec. 6, 2012). However, in *Miller*, the court merely applied the later-served-defendant rule of Section 1446(b)(2)(B), which provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal." *Miller*, 2012 WL 5336969, at *8; *see also* 28 U.S.C. § 1446(b)(2)(B). In *Miller*, the removing defendants had timely removed the case

6

within 30 days *of being served*, regardless of the fact that earlier-served defendants had previously attempted removal. *Id.* at \*7. Neither *Miller* nor the plain text of Section 1446 supports Removing Defendants' argument that—outside the 30-day removal period of Section 1446(b)(2)(B)—a defendant can attempt a second removal of a state-court action within 30 days of another defendant's failed attempt.[3]

For these reasons, the Court finds that Removing Defendants' removal notice is untimely, and this case will be remanded to the Beckham County District Court.[4]

## II.    Attorney's Fees

Plaintiff also seeks attorney's fees and costs under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "In deciding whether to award costs under § 1447(c), the key factor is the

---

[3] Removing Defendants also argue that "[a] successive removal is barred only where it seeks to relitigate a jurisdictional ground that was actually adjudicated," citing *O'Bryan v. Chandler*, 496 F.2d 403, 409-10 (10th Cir. 1974). Again, *O'Bryan* does not support Removing Defendants' argument. First, *O'Bryan* involved a second removal following the amendment of the state court pleading. *Id.* at 408. The Tenth Circuit first provided that "[t]o come within the perimeters of § 1446(b), the amendment of the state court complaint must be one that makes the case removable at the time of the amendment, when the original state court petition did not state a removable action." *Id.* at 409. Here, there has been no amendment of the state court petition. And, although a plaintiff's voluntary action or amendment in state court may permit a defendant to seek a second removal where the amendment "set[s] forth a ground for removal that appears for the first time," the Tenth Circuit clarified in *O'Bryan* that "different grounds more precisely mean *a different set of facts* that state a new ground for removal." *Id.* at 410. For these reasons, *O'Bryan* does not support Removing Defendants' contention that their removal notice should be deemed timely—without any further action by Plaintiff in state court—merely because the removal notice was filed within 30 days of the Court's prior remand Order.

[4] Because the Court finds that removal is untimely, it is unnecessary to address the merits of Removing Defendants' federal question jurisdiction arguments.

propriety of defendant's removal." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (citation omitted). Although this is a close call—especially considering Removing Defendants' rather creative description of the Court's prior remand Order—the Court declines to award fees and costs stemming from Removing Defendants' removal. Although Removing Defendants' removal was ultimately unsuccessful, the Court finds that attorney's fees are not warranted under Section 1447(c) at this time.

## CONCLUSION

For these reasons, Plaintiff's Motion to Remand [Doc. No. 23] is **GRANTED**. **IT IS THEREFORE ORDERED** that this action is **REMANDED** to the District Court of Beckham County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Beckham County. Each side shall bear their own attorney's fees, costs, and expenses incurred as a result of the removal and remand. Based on the remand, the Court does not decide Defendants' Motions to Dismiss [Doc. Nos. 15, 16] and leaves those motions for the state court.

**IT IS SO ORDERED** this 6th day of July, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE